# United States District Court

for

*District of Guam*

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: **Hong T. Nguyen**    Case Number: **04-00054-001**

Name of Sentencing Judicial Officer:   **Robert M. Takasugi, Designated Judge**

Date of Original Sentence:   **July 8, 2005**

Original Offense: **Assimilative Crimes Act - Possession of a Concealed Weapon, in violation of 10 GCA §§ 60108, 60109, 60121 and 18 U.S.C. §§ 7(3) and 13.**

Original Sentence: Three year term of probation with conditions that he: participate in home detention with electronic monitoring for six months and pay all or part of the cost of the program; refrain from the use of any and all alcoholic beverages; participate in substance abuse treatment and testing and make a co-payment for treatment at a rate to be determined by the U.S. Probation Office; submit to a mental health intake assessment and comply with any recommended treatment and make co-payment for treatment at a rate to be determined by the U.S. Probation Office; stay 500 feet away from Anderson Air Force Base; cooperate with the collection of DNA as directed by the U.S. Probation Office; and pay a $100 special assessment fee. **Informational Violation Report filed July 18, 2005.**

Type of Supervision:   Probation       Date Supervision Commenced: July 8, 2005

Special Assistant U.S. Attorney: Kristin St. Peter       Defense Attorney: Mark S. Smith

**PETITIONING THE COURT**

[X] To issue a warrant

[ ] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number    Nature of Noncompliance [All in violation of 18 U.S.C. § 3563(a) and (b)]

1.    Admitted use of methamphetamine (April 14, 2007, May 7, 2007)
2.    Failure to report for urinalysis (May 3 and 8, 2007)
3.    Failure to report to U.S. Probation (April 23, 2007, May 7, 2007)
4.    Failure to submit monthly supervision reports (January 2007 through April 2007)

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

☒ revoked.

☐ extended for _____ years, for a total term of _____ years.

☐ The conditions of supervision should be modified as follows:

**Please see attached** *Declaration in Support of Petition, Violation of Supervised Release Conditions; Request for a Summons,* **submitted by U.S. Probation Officer Robert I. Carreon.**

Reviewed by:

I declare under penalty of perjury that the forgoing is true and correct.

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

/s/ ROBERT I. CARREON
U.S. Probation Officer

Date:                    Date:                    Executed

**THE COURT ORDERS:**

☐ No Action.

☐ The Issuance of a Warrant.

☐ The Issuance of a Summons.

☐ Other

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 04-00054-001 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION IN SUPPORT OF PETITION** |
| | ) | |
| HONG T. NGUYEN | ) | |
| Defendant. | ) | |
| | ) | |

**Re:   Violation of Probation Conditions;  Request for a Summons**

I, U.S. Probation Officer Robert I. Carreon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Hong T. Nguyen and in that capacity declare as follows:

Mr. Nguyen is alleged to have committed the following violations, which are all in violation of *18 U.S.C. § 3563(a) and (b)*:

**Mandatory Conditions**:  *The defendant shall refrain from the unlawful use of a controlled substance.*

On April 18, 2007, Mr. Nguyen's mother, Mae Yuen, called this Officer stating that she was concerned that her son returned to using drugs and that his mental health problems have returned. She added that she was prepared to take him to Hong Kong to see a drug treatment specialist. Ms. Yuen was informed that this Officer would meet with Mr. Nguyen and investigate her concerns. On April 18, 2007, this Officer telephoned Mr. Nguyen and notified him of his mother's concerns. He was asked if he would agree to report to the U.S. Probation Office and submit to a urinalysis. Mr. Nguyen stated that the test would probably be positive for drug use, but agreed to report for a compliance meeting as requested on April 19, 2007. At the compliance meeting, Mr. Nguyen was subjected to urinalysis which yielded positive results for the use of methamphetamine, or "ice." He executed a drug use admission form stating that he used "ice" on April 14, 2007. Mr. Nguyen stated that he purchased and used the drug to cope with the stress of establishing his own air-conditioning sales business. He denied any mental health problems other than the usual stress associated with his business pursuit.

Mr. Nguyen was advised that his drug use violation would be reported to the Court accordingly and that he would be subject to a more intensive compliance reporting plan. Mr. Nguyen was instructed to resume participation in the random drug testing program at phase I (6 tests per month) until such time as he establishes satisfactory stability under supervision. In addition, Mr. Nguyen agreed to attend a scheduled psychiatric assessment with his previous mental health treatment provider, Dr. Judith Avery of the Marianas Psychiatric Services, to further determine his mental health status and the need to resume psycho-tropic medications. Mr. Nguyen was further instructed to report to this Officer weekly (Mondays at 2:00 p.m.) thereafter to ensure his participation in the intensive compliance plan above. Lastly, Mr. Nguyen was warned of the consequences of continued drug use violations.

Declaration in Support of Petition
Re: NGUYEN, Hong T.
USDC Cr.Cs.#: 04-00054-001
Page 2

Mr. Nguyen failed to report to this Officer on April 23, 2007 as per his weekly compliance status appointment. Attempts to contact him were unsuccessful. On April 27, 2007, Mr. Nguyen telephoned this Officer and apologized for failing to report as instructed or calling thereafter to explain his absence. He began to cry and admitted that his mental health has deteriorated, causing him much personal distress and an inability to sleep at night. Mr. Nguyen agreed to attend an emergency therapy session with Dr. Avery arranged for April 28, 2007. Additional weekly sessions were also arranged by this Officer.

On April 30, 2007, Mr. Nguyen reported to this Officer as per his weekly compliance status appointment. He stated that he attended the emergency counseling session on April 28, 2007 and that Dr. Avery set a weekly therapy schedule for him. In addition, Mr. Nguyen stated that Dr. Avery prescribed him psycho-tropic medication.

On May 3, 2007, Mr. Nguyen failed to report for urinalysis nor did he contact this Officer to explain his absence. On May 3, 2007, Mr. Nguyen e-mailed this Officer with the following message, which was forwarded to Dr. Avery for further treatment consideration:

"Dear Mr. Carreon,

*I just want to express my feeling to you, so you can understand how I feel. I feel comfortable by writing to you instead of speaking. First of all. I swear to god, all these years I've live on this Island I have not done any bad thing to anybody. you can ask those guard at your office who knew me. I work hard, I supported my child with the best education I can afford, that I cannot have, look in my record what kind of person I am. Look at me now, I'm really hard Mr. Carreon. I always respect the law. The Law Really Unfair To Me. First of all. I ran to the AAF base to report a case that happen to my families. They didn't provide any help, not to mention. instead I'm become a convict instead, they treated me like I'm a murder or some kind. With that treatment I don't really mind, but, they are charged me for a violation of conceal firearm without a conceal license. How can they charge me for conceal firearm when the firearm was disassemble and it's lock in my glove compartment. I have all my guns disassemble and I even divided them in two location, each guns I has on my vehicle are only half of the gun components and the other half are at my house. How can I got charge for that?*

*Thank you for taking your time to read my expression.*

*Sincerely*
*Tony Nguyen"*

Attempts to contact Mr. Nguyen by this Officer to discuss his urinalysis "no show" on May 3, 2007, and his message above were unsuccessful. On May 5, 2007, Dr. Avery notified this Officer that Mr. Nguyen attended his therapy session, although he was four hours late. She stated that he was confused about the appointment time. Dr. Avery further stated that after her therapy session with Mr. Nguyen, she did not believe him to be homicidal or suicidal, but recommended continued treatment as presently referred.

Declaration in Support of Petition
Re: NGUYEN, Hong T.
USDC Cr.Cs.#: 04-00054-001
Page 3

On May 7, 2007, Mr. Nguyen failed to report to this Officer for his weekly compliance status appointment. On May 8, 2007, Mr. Nguyen's mother, Mrs. May Yuen, and sister, Mrs. Binh Wong, reported to this Officer to discuss additional concerns over his illicit drug use and mental health problems. They asked that the information not be shared with Mr. Nguyen immediately in order to avoid retaliation, but that they consent to notification to the Court via a violation report. They stated that they believe Mr. Nguyen is in dire need of in-patient psychiatric/drug treatment even if it means receiving it through federal incarceration. They stated that they are afraid that if left untreated, Mr. Nguyen may become violent, perhaps toward them or himself. When asked to expound on their concerns they provided the following incidents:

1. *From about a month until April 18, 2007, Mr. Nguyen had repeatedly telephoned his mother and sister in the middle of the night to warn that someone/some people are coming to murder them. Mrs. Yuen (offender's mother) stated that this was recurring behavior that Mr. Nguyen exhibited in the past which contributed to his involvement in the instant offense. She related that his calls began to seriously affect ability to sleep which she requires to effectively control her diabetes. Ms. Yuen stated that she and the family tried repeatedly to convince Mr. Nguyen that the voices he hears are not real, and that they are not being attacked as he believes. They began to ignore the telephone calls, but Mr. Nguyen would instead drive over to the residence in the middle of the night and wake them up. Mrs. Yuen stated that on his last visit in mid-April, Mr. Nguyen and her husband became involved in a minor physical altercation, after which, Mr. Nguyen left. He has not communicated with his mother and sister since this incident. Police were never contacted.*

2. *Mrs. Wong (offender's sister) reported that approximately some time in March 2007, Mr. Nguyen followed her husband one day while driving home. At the residence, Mr. Nguyen approached Mrs. Wong's husband and asked if she was okay. Despite being told that she was, Mr. Nguyen drove away, but only to return to the residence three times later that day for reasons unknown to Wong or her husband.*

3. *Mrs. Wong stated that some time in April 2007 while she was driving her vehicle in Harmon, Mr. Nguyen unexpectedly drove up behind her and began yelling to her from his vehicle. She stated that a police officer pulled up behind Mr. Nguyen and upon noting that the license plate was expired, attempted to pull him over. Mrs. Wong stated that Mr. Nguyen "waived-off" the officer, shouting that his sister was in danger and accelerated away. She reported that Mr. Nguyen was eventually pulled over by police and taken by handcuff to the Dededo precinct. Mrs. Yuen stated that she proceeded to the police station and was able to retrieve Mr. Nguyen from custody on the advisement that she take him the Department of Mental Health and Substance Abuse (DMHSA) for treatment. Mrs. Yuen stated that she did not take Mr. Nguyen to DMHSA as advised.*

On May 8, 2007, this Officer telephoned Mr. Nguyen and confronted him about his failure to attend urinalysis on May 3, 2007, and his failure to report to the probation office on May 7, 2007 for his weekly compliance appointment. Mr. Nguyen reported that he has been in serious emotional distress and was unable to remember his urinalysis appointment or his weekly appointment with this Officer. In addition, he admitted that he used methamphetamine on May 7, 2007. Mr. Nguyen stated that in fact, he is again hearing voices that compel him to continuously defend his mother and sister. He stated that he believes the voices are of his family members, who cry out in anguish for

Declaration in Support of Petition
Re: NGUYEN, Hong T.
USDC Cr.Cs.#: 04-00054-001
Page 4

help. Mr. Nguyen reported that around January 2007, he returned to using methamphetamine, which worsened the voices in his head. He continued to use the drug to calm himself down. Mr. Nguyen stated that the recent medications and therapy with Dr. Avery help him somewhat, but that he cannot control his drug use. This Officer advised him that it is critical that he rely on his treatment with Dr. Avery to address his problems and to cease his use of "ice." He was instructed to maintain urinalysis and his weekly appointments with this Officer for continued guidance and assistance.

On May 8, 2007, this Officer telephoned Dr. Avery and apprized her of the information given by Mr. Nguyen, his mother, and sister, as outlined above. After conferring with Dr. Laura Post, she stated that Mr. Nguyen is in need of intensive in-patient psychiatric treatment. Further she stated that the best course of action at this time is to request that the Court issue a Warrant of Arrest for his drug use and that they can continue treatment in custody.

**Standard Conditions**: *The defendant shall participate in a program approved by the U.S. Probation Office for Assessment and Treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. It is further recommended that the defendant make a co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

As outlined above, Mr. Nguyen failed to report for urinalysis on May 3, and 8, 2007.

**Standard Conditions**: *The defendant shall follow the instructions of the probation officer.*

As outlined above, Mr. Nguyen failed to report to the U.S. Probation officer as instructed for weekly compliance appointments on April 23, 2007, and May 7, 2007.

**Standard Conditions**: *The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.*

Mr. Nguyen has not submitted monthly supervision reports for the months of January 2007, February 2007, March 2007, and April 2007.

**Supervision Compliance:** Mr. Nguyen completed the original order for drug and mental health treatment and testing on August 7, 2006. He completed the six-month home detention term on December 20, 2006, and submitted to DNA collection on September 15, 2005. The $100 special assessment fee was paid August 9, 2005.

**Recommendation:** This Officer respectfully requests that the Court issue a Warrant of Arrest for Hong T. Nguyen to appear at a hearing to answer or show cause why probation should not be revoked, pursuant to 18, U.S.C., § 3565(a)(2).

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Declaration in Support of Petition
Re: NGUYEN, Hong T.
USDC Cr.Cs.#: 04-00054-001
Page 5

      Executed this ____ day of May 2007, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

                                    Respectfully submitted,

                                    FRANK MICHAEL CRUZ
                                    Chief U.S. Probation Officer

By:  /s/ ROBERT I. CARREON
                     U.S. Probation Officer

Reviewed by:

/s/ ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
   Supervision Unit Leader

cc:    Kristin St. Peter, SAUSA
       Mark S. Smith, Defense Counsel
       File

# VIOLATION WORKSHEET

1. Defendant **Hong T. Nguyen**

2. Docket Number (Year-Sequence-Defendant No.) **CR 04-00054-001**

3. District/Office Guam

4. Original Sentence Date 07 / 08 / 05
   month   day   year

(If different than above):

5. Original District/Office N/A

6. Original Docket Number (Year-Sequence-Defendant No.)   N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| ● Admitted use of methamphetamine (April 14, 2007, May 7, 2007) | C |
| ● Failure to report for urinalysis (May 3 and 8, 2007) | C |
| ● Failure to report to U.S. Probation (April 23, 2007, May 7, 2007) | C |
| ● Failure to submit monthly supervision reports (January 2007 through April 2007) | C |
| ● | |

8. Most Serious Grade of Violation (see §7B1.1(b))   C

9. Criminal History Category (see §7B1.4(a))   I

10. Range of Imprisonment (see §7B1.4(a))   3 - 9 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:04-cr-00054   Document 52-3   Filed 05/11/2007   Page 1 of 2

Defendant: **Hong T. Nguyen**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | S/A Fee | N/A | Home Detention | Fee $599.84 |
    | CS Hours | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 0 to 1 years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 12 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): 0 months 0 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:04-cr-00054    Document 52-3    Filed 05/11/2007    Page 2 of 2